# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA ANTONIA BENAVIDEZ PENA,<br><br>                    Petitioner,<br><br>          v.<br><br>DHS SECRETARY MARKWAYNE MULLIN, ET AL.,<br><br>                    Respondents. | Case No. 5:26-cv-02380-MBK<br><br>AMENDED ORDER GRANTING PETITION AND ISSUING A WRIT FOR HABEAS CORPUS |

Petitioner Erica Antonia Benavidez Pena, a noncitizen, is in the custody of the Department of Homeland Security at the Adelanto Detention Facility. Petitioner was placed in removal proceedings on December 12, 2022 and charged with inadmissibility for having entered the United States without inspection under 8 U.S.C. § 1182(a)(6)(A)(i). Immigration authorities released Petitioner on her own recognizance and she subsequently applied for asylum. Petitioner attended all of her check in appointments with Immigration and Customs Enforcement ("ICE") as scheduled. At her most recent appointment,

ICE officers arrested and detained Petitioner. She was thereafter transferred to Adelanto Detention Facility, where she has remained detained.

Petitioner initiated this habeas action on May 5, 2026. Dkt. 1. Petitioner requests a bond hearing under 8 U.S.C. § 1226(a). *Id.* at 7. Petitioner also filed an *ex parte* application for a Temporary Restraining Order ("TRO") on May 5, 2026 (Dkt. 4), and on the same day, the Court entered the Notice of General Order 26-05 and Briefing Schedule on the Petition. Dkt. 7. The Court denied Petitioner's TRO application because she had not demonstrated "imminent, irreparable" harm that warranted faster relief than is available under General Order 26-05. Dkt. 8.

On May 12, 2026, Respondents filed their Answer to the Petition. Dkt. 10. In the Answer, Respondents concede that Petitioner is a member of the Bond Eligible Class in *Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). As such, the final judgment in *Maldonado Bautista* has preclusive effect here because Petitioner and Respondents are parties in *Maldonado Bautista. See Granados v. Warden et al.*, No. 5:26-CV-00670-AH-DFM, 2026 WL 852211, at *3 (C.D. Cal. Mar. 25, 2026) ("it appears that Respondents are precluded from relitigating whether "Bond Eligible Class" members—such as Petitioner—are entitled to the relief provided in the Bautista final judgment"); *Miguel Angel Cortez Lozano v. Ernesto Santacruz Jr. et al.*, No. 5:26-cv-00313-SSS-BFM, 2026 WL 325462, at *4 (C.D. Cal. Feb. 4, 2026). *See generally De Corral v. Woosley*, No. 4:25-cv-145-BJB, 2026 WL 524778, at *3 (W.D. Ky. Feb. 25, 2026) ("Under settled principles of collateral estoppel, the Central District's final declaratory judgment binds the parties 'with respect to the matters declared.'") (quoting Restatement (Second) of Judgments § 33). Accordingly,

Petitioner is entitled to the relief required by the *Maldonado Bautista* final judgment—a bond hearing under Section 1226(a).

For the foregoing reasons, **IT IS ORDERED** that: (1) Judgment be entered granting the Petition; (2) a writ of habeas corpus be issued requiring Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days from the date of this order; and (3) the Respondents shall file a status report no later than seven (7) days from the date of this Order confirming that Petitioner has had a bond hearing, consistent with this order.

Dated: May 14, 2026

_____
HON. MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE

3